United States District Court
Southern District of Texas
**ENTERED**
February 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| West Harris County Regional Water Authority, | § § § § | |
| *Plaintiff,* | § § | Case No. 4:22-cv-01385 |
| v. | § § § | |
| Union Pacific Railroad Company, | § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff West Harris County Regional Water Authority (the "Water Authority") has filed two pending motions. The first is a motion to remand this condemnation suit to the Harris County Civil Court at Law from which it was removed. Dkt. 10. The second motion requests authorization to deposit the amount of the administrative condemnation award in the registry of the Court, pursuant to Texas condemnation procedures. Dkt. 29.

After carefully considering the motion to remand, the response filed by Union Pacific Railroad Company, Dkt. 12, the record, and the applicable law, it is recommended that the Water Authority's motion to remand be granted. The Water Authority's further request to deposit the condemnation award, Dkt. 29, therefore should be denied as moot.

## Background

This is a condemnation dispute. The Water Authority sought to condemn a permanent and perpetual easement and right-of-way across two non-contiguous properties owned by Union Pacific to construct an underground water line. *See* Dkt. 1-3 at 3; *see also id.* at 11-26 (descriptions of easements). Pursuant to Texas law, a Special Commission was assembled to assess damages resulting from the condemnation. Dkt. 1-5. Although not included in the record, other documents indicate that the Special Commissioners' issued an award of $47,714. *See* Dkt. 29 at 1.

Union Pacific removed the suit to this Court, asserting that federal jurisdiction is proper under 28 U.S.C. § 1332.[1] Dkt. 1 ¶¶ 6-15. To support the amount in controversy, Union Pacific attached several declarations from various Union Pacific employees. *See* Dkt. 1-6 (Declaration of Robert J. Gloodt); Dkt. 1-7 (Declaration of Rick A. Friesen); Dkt. 1-8 (Declaration of John D. Pratt); *see also* Dkt. 1 ¶¶ 13-14 (citing these declarations).

The Water Authority filed a motion to remand, arguing in pertinent part that the minimum amount in controversy is not satisfied. Dkt. 10 at 3-6. After Union Pacific filed a response, Dkt. 12, the Court directed the parties to file

---

[1] Although the notice of removal alternatively invokes federal question jurisdiction, 28 U.S.C. § 1331, Dkt. 1 ¶¶ 16-23, Union Pacific has now abandoned that theory, Dkt. 12 at 2.

supplemental briefing addressing whether the Water Authority is sufficiently separate and distinct from the State of Texas to qualify as a "citizen of Texas" under 28 U.S.C. § 1332(a)(1), Dkt. 31; *see also* Dkt. 32 (extending deadline for parties' supplemental submissions). The Water Authority filed its supplement on that issue. Dkt. 37. In the interim, the Water Authority also sought authorization to deposit the amount of the Special Commissioners' award in the Court's registry, pursuant to Texas Property Code § 21.021.

## **Legal Standard**

A defendant can remove, to federal court, an action that was filed in state court if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). Federal courts, in turn, are authorized to hear cases that either (1) involve questions of federal law, 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," *id.* § 1332(a)(1).

Because Union Pacific has abandoned reliance on federal question jurisdiction, *see* Dkt. 12 at 2, the only asserted basis for jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. As the party invoking federal jurisdiction, Union Pacific bears the burden to establish that the case is removable. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000). Any doubts about the propriety of removal are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

The core issue here is whether this suit satisfies the minimum amount in controversy for diversity jurisdiction.[2] In its motion to remand, the Water Authority maintains that Union Pacific's submission of a declaration by its employee, Robert Gloodt, stating that the easement will depreciate the properties by more than $75,000, is too conclusory to meet its burden. Dkt. 10 at 5-6. Union Pacific disputes that characterization and argues that two other employee declarations, which describe the easement's impact on the properties, support Gloodt's opinion. Dkt. 12 at 3.

Because the Water Authority's state-court petition does not specify the amount of damages involved, Union Pacific "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). There are two ways to satisfy this burden. "First, jurisdiction will be proper if it is facially apparent" from the petition that a plaintiff's claim likely exceeds $75,000. *Id.* at 639 (internal quotation marks omitted). "If not, a removing party may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the

---

[2] The recommended disposition of the motion to remand renders it unnecessary to address the additional requirement under 28 U.S.C. § 1332—whether the Water Authority qualifies as a "citizen" of Texas such that the parties' citizenships are diverse. *See* Dkt. 37 (Water Authority's supplemental briefing on this issue).

4

removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Conclusory allegations do not suffice. *Id.*

Union Pacific does not claim that it is "facially apparent" from the petition that the suit implicates more than $75,000 in controversy. Indeed, the petition itself provides no such indication. Instead, Union Pacific attempts to prove that amount through several declarations. It touts a declaration by Robert Gloodt, an appraiser in the company's Real Estate Department. *See* Dkt. 12 at 3 (citing Dkt. 1-6, Ex. B).

Jurisdiction must be established "by competent proof," *see Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (citation omitted), based on "summary judgment-type evidence," *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted). Gloodt's declaration does not meet that standard.

Gloodt's declaration purports to quantify the impact of the easement on the properties' value. Dkt. 1-6. Other than explaining his credentials and identifying what materials he reviewed—specifically, the petition, attached exhibits, and the Harris County Appraisal District's assessment of the properties' value, Gloodt's declaration simply asserts (1) that "an easement of this nature" will lower a property's value; and (2) these specific easements will lower the fair market value of Union Pacific's properties by more than $75,000.

5

Dkt. 1-6 ¶¶ 4, 5. Gloodt does not identify any facts gleaned from his review that support his quantification of the properties' diminished value. He "offers no insight as to how he reached" that conclusion, and "he makes no effort to tie his opinion" to the information he reviewed. *See Mt. Clemens Auto Ctr., Inc. v. Hyundai Motor Am.*, 844 F. Supp. 2d 804, 810 (E.D. Mich. Dec. 12, 2011) (rejecting similar declaration). Gloodt's unexplained opinion is too conclusory to constitute competent, summary judgment-type proof that the amount in controversy is met. This is especially so, given that all doubts must be resolved in favor of remand. *See Manguno*, 276 F.3d at 723.

The other declarations Union Pacific submitted cannot bolster Gloodt's conclusory assertions. Those declarations merely explain the ways in which the easement will impact the property's use. *See* Dkt. 1-7 ¶ 8 (Friesen declaration, discussing impact of water-pipeline placement on UP's ability to place additional track); Dkt. 1-8 ¶¶ 5-6 (Pratt declaration, including similar assertions). None of them purport to quantify the impact on the properties' value, as Gloodt tried to do. And Gloodt does not indicate that he considered or relied on those other declarations when forming his opinion. *See* Dkt. 1-6.

In short, the Court need not resolve the parties' remaining disputes over whether the amount in controversy in a condemnation case should be based on the properties' full value, or whether the Water Authority's competing appraisal of the easements' impact should be considered. Union Pacific's

failure to meet its threshold burden of proving that the easements' monetary impact exceeds $75,000, standing alone, warrants remand. And because this case should return to state court, the Water Authority's further request to deposit the Special Commissioners' award into the Court's registry should be denied as moot. *See* Dkt. 29.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Plaintiff West Harris County Regional Water Authority's motion to remand (Dkt. 10), **DENY as MOOT** Plaintiff's motion to deposit the special commissioners' award into the Court's registry (Dkt. 29), and **REMAND** this suit to County Civil Court at Law No.1, in Harris County, Texas.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** ***Ortiz v. City of San Antonio Fire Dep't***, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 15, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge